**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MICHAEL WILLIAMS,
ADC #93995                                                                                              PLAINTIFF

5:12CV00457-BSM-JTK

RAY HOBBS, et al.                                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 54). Plaintiff filed Responses in opposition to the Motion (Doc. Nos. 62-64).

Plaintiff Michael Williams is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Cummins Unit, alleging due process violations by the Defendants. Plaintiff asks for monetary and injunctive relief.

### II. Complaint

In his Complaint, Plaintiff states that on July 3, 2012, he was attacked in his barracks by another inmate, Donale Nahlen. (Id., p. 20.) Defendants Collins and Thomas were assigned to his barracks area that evening, but were not present at the time of the incident. (Id., pp. 15, 20.) The next day, July 4, 2010, he reported to Defendant Day that Nahlen attacked him the previous evening while under the influence of drugs. (Id., p. 7.) Day asked Plaintiff and Nahlen to write statements about the

incident, and he also arranged to administer a drug test to inmate Nahlen, which tested positive. (Id.) Both Plaintiff and Nahlen received disciplinary violations for the altercation, and Nahlen was charged with an additional violation based on the drug test results and sentenced to administrative segregation. (Id.)

Defendant Shipman reviewed the disciplinary charge against Plaintiff and forwarded it to the hearing officer. (Id., p. 8.) Defendant Taylor, the disciplinary hearing officer, found Plaintiff guilty of battery and assault based on the staff report. (Id.) Plaintiff received a punishment of thirty days in punitive isolation, loss of class, and loss of hobby craft privileges. (Id., p. 34.) His conviction was upheld on appeal by Defendants Lay, Gibson, and Hobbs, despite Plaintiff's defense that Nahlen attacked him while on drugs and no officers were present in the barracks to protect him. (Id., pp. 8-12.) Plaintiff also filed a grievance about the incident, which was denied by Defendant Lay because disciplinary issues are not grievable. (Id., p. 9.)

Plaintiff complains that security was not present at the time of the attack on him, and that he should not have been charged with a disciplinary for protecting himself. (Id., p. 10.) He also complains that Defendant Day falsely stated in his incident report that Plaintiff admitted hitting inmate Nahlen. (Id., p. 11.) Plaintiff complains that ADC officials refused to discipline Defendant Collins, who was not at her post in the barracks at the time of the incident, and Defendant Day, who issued the disciplinary charge to cover up Collins' absence. (Id., p. 12.)

As a result of the disciplinary conviction, Plaintiff lost his hobby craft privileges. (Id., p. 16.) Defendant Johnson improperly told Plaintiff he had two weeks to arrange for someone to pick up his property or it would be destroyed, although the ADC procedures provided thirty days for such arrangements. (Id., p. 19.) Defendant Johnson later changed the date, and provided Plaintiff an extension in accordance with the policy. (Id.) Defendant Weekly, Johnson's supervisor, however,

failed to stop Johnson's actions. (Id.) Plaintiff was re-assigned to administrative segregation on January 6, 2011, and was released to general population on January 20, 2011, after writing a statement that he did not have any problems with inmate Nahlen. (Id., pp. 12-14.) He asks the Court to expunge the disciplinary and restore the rights and privileges he lost, including revenue lost from his hobby craft restrictions, together with compensatory and punitive damages. (Id., pp. 22-23.)

### III.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

#### A.     Exhaustion

##### 1.     Defendants' Motion

Defendants first ask the Court to dismiss Plaintiff's Complaint against all but Defendant Day, for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act

(PLRA), 42 U.S.C. § 1997e. According to Barbara Williams, the inmate grievance supervisor, Plaintiff filed four grievances concerning the issues raised in his complaint. (Doc. No. 54-1, pp. 3-5.) The first, CU-10-00940, specifically names Defendant Day as the person who wrote a false disciplinary charge against him, and asks Defendant Robertson to review the charge. (Doc. No. 54-2.) Defendant Lay denied the grievance, stating that disciplinary matters are not grievable. (Id., pp. 2-4.)

In the second grievance, CU-10-00950, Plaintiff asked for dismissal of the disciplinary charge against him because Defendant Day did not use the proper form. (Doc. No. 54-3.) Defendants state that since no other Defendants were mentioned, the grievance was exhausted only as to Defendant Day. In the third grievance, CU-10-01360, Plaintiff complained about the alleged inaccurate statement made by Defendant Day in his report, and asked that an investigation be conducted into the matter. (Doc. No. 54-4.) This grievance was not appealed to the deputy director's level as required by the ADC grievance policy. (Doc. No. 54-1, p. 4.) Finally, in the fourth grievance, CU-11-01522, Plaintiff complained about Defendants Johnson and Haynie asking him to sign a form arranging for the disposition of his hobby craft property. (Doc. No. 54-5.) This grievance also was not appealed to the deputy director level. (Doc. No. 54-1, p. 4.)

Defendants state that the ADC grievance policy requires an inmate to specifically name the individuals involved in the incidents at issue, and that case law provides that a grievance is not properly exhausted if Defendants are not named in the grievance. Jones v. Bock, 549 U.S. 199, 218 (2007). Based on the above-mentioned grievances, therefore, Defendants state that Plaintiff failed to exhaust his administrative remedies as to all claims against all Defendants, except Defendant Day.

    **2.    Plaintiff's Response**

Plaintiff responds by stating that he specifically mentioned Defendants Day and Robertson in the first grievance he filed, but also notes that his grievances were denied because disciplinary

5

matters are not grievable under the ADC policy.

### 3. Analysis

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000), quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. at 218.

However, the United States Court of Appeals for the Eighth Circuit recently ruled that if prison officials decide a procedurally-flawed grievance on the merits, they effectively waive the argument that an inmate failed to exhaust because he did not comply with the grievance procedures. In Hammett v. Cofield, an inmate relied on grievances which were not exhausted or which were filed outside of mandatory time limits. 681 F.3d 945 (8th Cir. 2012). The Court decided, however, that the "PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits." Id. at 947. This line of reasoning was extended to an exhausted grievance filed by an inmate who failed to comply with prison procedures requiring that defendants be specifically named, in Bower v. Kelley, 494 Fed.Appx. 718, 2012 WL 6199266 (8th Cir. 2012).

The ADC grievance policies in effect at the time of the incidents at issue in Plaintiff's Complaint were Administrative Directives (AD) 09-01 and 10-32. (Doc. Nos. 54-12, 54-13.) Those policies specifically instruct inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate..." (Doc. Nos. 54-12, p. 5, and 54-13, p. 5.) However, they also clearly state that disciplinary matters are not grievable. (Doc. Nos. 54-12, p. 3, and 54-13, p. 13.) Therefore, to the extent that Plaintiff complains about the disciplinary charge and conviction, Defendants' failure to exhaust argument fails. However, the Court finds that Plaintiff's claims against Defendants Johnson and Haynie regarding the disposition of his hobby craft property were not properly exhausted, because he did not properly appeal grievance CU-10-01522 to the highest level. (Doc. No. 51-5.) In addition, any other non-disciplinary-related allegations against all Defendants, except Defendants Day and Robertson, should be dismissed for failure to exhaust, since no other Defendants were named in any of the grievances. The Court finds that Plaintiff adequately exhausted any non-disciplinary-related claims as to Defendants Day and Robertson by filing and exhausting

grievances CU-10-00940 and CU-10-00950. The Court also finds that Plaintiff appropriate exhausted his disciplinary by appealing it to the highest level. (Doc. No. 54-7, pp. 16, 20.)

  **B.** **Res Judicata/Collateral Estoppel**

   **1.** **Defendants' Motion**

Defendants also ask the Court to dismiss Plaintiff's Complaint against them, because he filed the same complaint against most of them with the Arkansas Claims Commission, which litigated the matter and dismissed the claim. (Doc. No. 54-9.) Citing case law, Defendants state that res judicata bars parties from re-litigating claims which are presented before an administrative agency acting in a judicial capacity to resolve disputed issues of fact. Price v. Harris, 722 F.2d 427, 428 (8th Cir. 1983); Steffen v. Housewright, 665 F.2d 245, 247 (8th Cir. 1981). Res judicata applies when: 1) the first suit resulted in a final judgment on the merits; 2) the suit was based on proper jurisdiction; 3) both suits involve the same parties or those in privity with them; 4) both are based on the same claims or causes of action; and 5) the party against whom it is asserted had a fair and full opportunity to litigate the claim in the first suit. In re Anderberg-Lund Printing Co., 109 F.3d 1343, 1346 (8th Cir. 1997).

In this particular case, Plaintiff's case was properly within the jurisdiction of the Claims Commission, involved the same parties or those in privity, centered on the same nucleus of facts concerning the altercation with Nahlen and the subsequent disciplinary charges, and provided Plaintiff the opportunity to fully litigate the matter through the presentation of a complaint, exhibits, witness statements, and a hearing. Based on such, Defendants state Plaintiff cannot now re-litigate the same issues in this case.

   **2.** **Plaintiff's Response**

Plaintiff admits he filed a complaint with the Claims Commission, but states that it differed

from the present complaint because he was not able to raise constitutional claims before the Commission. (Doc. No. 63.)

### 3. Analysis

As noted earlier, the United States Court of Appeals for the Eighth Circuit has held that "when an administrative agency acts in a judicial capacity to resolve disputed issues of fact properly before it, which the parties have had an opportunity to litigate, the principles of res judicata apply to bar further claims by the parties or their privies based on the same cause of action." Venis v. Norris, No. 4:07CV00426JMM/BD, 2007 WL 3053292 (E.D.Ark.), citing Price v. Harris, 722 F.2d at 428, and Steffen v. Housewright, 665 F.2d at 247.  The claim presented by Plaintiff to the Commission was styled as one for "failure to follow procedure, loss of wages," but is nearly identical to the Complaint filed in this action, including the same facts surrounding his disciplinary charge and conviction. (Doc. No. 54-7.) Plaintiff does not deny that he was provided the opportunity to fully litigate his claims before the Commission, including presenting evidence and witness statements.  (Doc. No. 54-8.)  He also does not deny that the facts presented in the Complaint before this Court are the same; rather, he states that the claims differ because they are now couched as constitutional violations.

The Court disagrees, and finds that the action before the Claims Commission should act to estop the present claim against Defendants. The action before the Commission resulted in a final judgment on the merits, and was based on proper jurisdiction.[1]  Both suits involved

---

[1] ARK. CODE ANN. Sect. 19-10-204(a) provides, "the Arkansas State Claims Commission shall have exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, department and institutions ...."

the same parties or those in privity with them, and arose out of the "same nucleus of operative facts." United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994), quoting Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990).

### C. Other Defenses

#### 1. Defendants' Motion

Defendants ask the Court to dismiss Plaintiff's monetary claims against them in their official capacities based on sovereign immunity, and the claims against them in their individual capacities based on qualified immunity. Plaintiff's disciplinary allegations should be dismissed because his punishment did not constitute an atypical and significant deprivation to support a due process violation, citing Sandin v. Conner, 511 U.S. 472, 484 (1995). In addition, his conviction satisfied due process because it was supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455 (1985). And, allegations of policy and procedure violations do not support a constitutional claim. Kennedy v. Blankenship, 100 F.3d 640. Finally, the allegations against Defendants Hobbs, May, Lay, Gibson, Weekly, Taylor, and Robertson, should be dismissed because they are based on the theory of respondeat superior, or on their failure to respond positively to his grievance and disciplinary appeals, which also do not support constitutional claims for relief.

#### 2. Plaintiff's Response

Plaintiff first states that each of the named Defendants were personally involved in the actions alleged in his complaint. He emphasizes the lack of officers present at the time of the incident at issue, and the awkward position he found himself in when attacked by

inmate Nahlen. He emphasizes that Defendant Day tried to cover up the situation by charging him with a disciplinary violation, submitting the charges on an improper form, and including false statements in his report.

### 3. Analysis

Initially, the Court agrees with Defendants that sovereign immunity requires dismissal of Plaintiff's monetary claims against them in their official capacities. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 65 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 755 (8th Cir. 1997).

The Court also finds that Defendants are entitled to qualified immunity with respect to Plaintiff's monetary claims against them in their individual capacities. Qualified immunity protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the

light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Upon close review of the evidence in support of the Motion for Summary Judgment, the Court finds that Plaintiff's allegations do not support a finding of a constitutional violation. In Sandin v. Connor, the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. 511 U.S. at 472. Recognizing, however, that states may themselves create certain protected liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. Following Sandin, the Eighth Circuit Court of Appeals held in Kennedy v. Blankenship, that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'" 100 F.3d at 642.

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

In this particular case, Plaintiff was convicted of a disciplinary charge on July 12, 2010, and received a sentence of thirty days in punitive isolation and reduction in class. (Doc. No. 54-8.) According to the allegations in his Complaint, he was housed thereafter for a short period of time in administrative segregation during January, 2011. (Doc. No. 2, pp. 12-14.) Plaintiff does not allege any particular facts about his conditions of confinement to support a finding that his punishment constituted an atypical or significant deprivation or a "dramatic departure from the basic conditions" of his confinement. Kennedy v. Blankenship, 100 F.3d at 643. Furthermore, due process was satisfied because "some evidence" supported the prison disciplinary decision. Superintendent, 472 U.S. at 455. (See also Doc. No. 54-7, pp. 9-12, 16, 20.) Finally, any allegations that Defendants violated prison policies or procedures do not support a constitutional claim for relief. Kennedy v. Blankenship, 100 F.3d at 643. Therefore, in the alternative, the Court finds Defendants are entitled to qualified immunity with respect to Plaintiff's monetary claims against them in their individual capacities.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 54) be GRANTED.

2.    Plaintiff's Complaint against Defendants Johnson and Haynie be DISMISSED without prejudice, for failure to exhaust administrative remedies.

3.    Plaintiff's Complaint against the remaining Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 19th day of December, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE